In re the Matter of the NEW YORK TIMES COMPANY, New York News Inc. and the Associated Press, Intervenors–Appellees.

UNITED STATES of America,

v.

Mario BIAGGI and Meade Esposito, Defendants,

Meade Esposito, Defendant–Appellant.

Docket 87–1541.

United States Court of Appeals, Second Circuit.

Submitted Jan. 15, 1988.

Decided Jan. 28, 1988.

Edward Brodsky, New York City (Spengler Carlson Gubar Brodsky & Frischling, of Counsel), for defendant-appellant.

Michael J. Calvey, New York City (Coudert Brothers, Henry J. Uscinski; David A. Schulz, New York City, Rogers & Wells; Deborah R. Linfield, The New York Times Co., New York City, of Counsel), for intervenors-appellees.

Before FEINBERG, Chief Judge, and PIERCE and ALTIMARI, Circuit Judges.

PER CURIAM:

Meade Esposito appeals from an order of the United States District Court for the Eastern District of New York, Jack B. Weinstein, Ch. J., dated December 17, 1987, mandating disclosure, with certain redactions, of several documents filed under seal in connection with a pretrial motion to suppress evidence obtained by electronic surveillance pursuant to Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 et seq., in the criminal prosecution of Congressman Mario Biaggi and Meade Esposito. The order was entered after a hearing in the district court on December 16, 1987, following this court's remand in *In re The New York Times Co.*, 834 F.2d 1152 (2d Cir.1987) (*"New York Times II"*), which itself followed an expedited appeal from an order entered after our remand in *In re The New York Times Co.*, 828 F.2d 110 (2d Cir.1987) (*"New York Times I"*). Familiarity of the reader with both opinions will be assumed. On December 22, 1987, this court stayed disclosure of the sealed documents pending disposition of this appeal and expedited the appeal.

Appellant argues that Judge Weinstein's order should be vacated and the matter remanded for a third time because the order violates the privacy interests of appellant, Congressman Biaggi and other third parties. We disagree. Judge Weinstein applied the criteria that we set forth in *New York Times I* and *New York Times II* and we see no persuasive reason for overturning his exercise of discretion.

The judgment of the district court is affirmed. Appellant's request for a stay of mandate pursuant to Fed.R.App.P. 41(b) pending application for certiorari is granted, provided that the application is filed within ten days from the date of this opinion.